IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

John E. Marks,                    :

         Plaintiff,               :

    v.                            :        Case No.  2:15-cv-0550

Carolyn W. Colvin, Acting         :        JUDGE GEORGE C. SMITH
Commissioner of Social Security,           Magistrate Judge Kemp

         Defendant.               :

### REPORT AND RECOMMENDATION

### I.  Introduction

     Plaintiff, John E. Marks, filed this action seeking review
of a decision of the Commissioner of Social Security denying his
application for social security disability benefits.  That
application was filed on October 18, 2012, and alleged that
Plaintiff became disabled on May 23, 2003.

      After initial administrative denials of his claim,
Plaintiff was given a hearing before an Administrative Law Judge
on April 17, 2014.  In a decision dated October 2, 2014, the ALJ
denied benefits.  That became the Commissioner's final decision
on December 15, 2014, when the Appeals Council denied review.

     After Plaintiff filed this case, the Commissioner filed the
administrative record on April 20, 2015.  Plaintiff filed his
statement of specific errors on May 21, 2015, to which the
Commissioner responded on August 19, 2015.  Plaintiff filed a
reply brief on September 2, 2015, and the case is now ready to
decide.

### II.  The Administrative Proceedings

     Plaintiff seeks reversal and remand in this case not on
substantive grounds, but on procedural ones.  Consequently, it is
necessary to review in some detail exactly what happened during
the administrative proceedings.

As noted above, the case went through the usual course of administrative adjudications, including a *de novo* decision rendered by an administrative law judge after Plaintiff's application was denied initially and on reconsideration.  In his decision, the ALJ determined that Plaintiff was insured for disability purposes only through December 31, 2008.  The ALJ then found that Plaintiff's severe impairments - headaches, fibromyalgia, obesity, right shoulder osteoarthritis, post-traumatic stress disorder, and dysthymia - did not prevent him from doing a limited range of work at the light exertional level, even though he had some physical limitations and could carry out only simple tasks in a low-stress environment.  These restrictions are more specifically described in the ALJ's decision at Tr. 25-26.

New counsel became involved in the case after the ALJ's decision was issued.  Counsel submitted two additional items of evidence.  One was a residual functional capacity form completed by Plaintiff's treating doctor, Dr. Carroll (the Carroll opinion).  The other was a voluminous set of treatment notes from the Chillicothe VA Hospital, which had been audited and edited by Dr. Carroll.

In response to this evidence, the Appeals Council issued an order dated December 15, 2015, stating that the Carroll opinion and a brief submitted by counsel were being made a part of the record.  (Tr. 6).  That order did not mention the VA records.  However, in its decision denying review (Tr. 1-4), the Appeals Council said that it had reviewed the VA records but determined that because Plaintiff's insured status expired on December 31, 2008, and those records were "about a later time," they did not affect the decision under review.  It described the records as being "dated from October 20, 2011 through September 16, 2014." (Tr. 2).  The decision did not explain why the Appeals Council

decided that the Carroll opinion did not constitute grounds for a
remand to the ALJ (Tr. 1-4).

### III.  Plaintiff's Procedural Arguments

In his statement of errors, Plaintiff states two
propositions, as follows:

> (1) This Court should remand the claim for
> consideration of new and material evidence because the
> consideration given this evidence by the Appeals
> Council was procedurally deficient.
>
> (2) The case should be remanded because the Appeals
> Council refused to exhibit additional medical records
> based upon a mistake of fact.

Statement of Specific Errors, Doc. 9.

Plaintiff's supporting argument, which really addresses both
claims of error, begins with his contention that both sets of
records - the Carroll opinion and the VA Hospital records -
concerned the severity of Plaintiff's mental condition prior to
December 31, 2008.  The Carroll opinion specifically said that
Plaintiff's condition had been work-preclusive since May 23,
2003, see Tr. 1842-45.  The VA records (found at Tr. 38-216)
contained a change made by Dr. Carroll that indicated the
"immediacy" of Plaintiff's condition, as of February 17, 2005,
was "chronic" rather than "unspecified."  See, e.g., Tr. 39.

After reciting these facts, Plaintiff points out that under
20 C.F.R. §404.970(b), the Appeals Council had a mandatory duty
to review any records which related to the time for which a
disability is claimed.  That regulation states that

> [i]f new and material evidence is submitted, the
> Appeals Council shall consider the additional evidence
> only where it relates to the period on or before the
> date of the administrative law judge hearing decision.

Plaintiff argues that the Appeals Council failed to understand
that VA records related to the relevant time period, and that

this led to its failure to follow the mandate of §404.970(b).

Plaintiff also claims that the Appeals Council erred in its treatment of the Carroll opinion.  He argues that because the Appeals Council's decision does not specifically refer to the Carroll opinion, the Court should infer that the Appeals Council simply failed to consider it.  Again, he asserts that it is new, material evidence pertaining to the relevant time period, so that the Appeals Council was required by §404.970(b) to consider it, but he also argues that because it is a treating source opinion, the Appeals Council had to evaluate it under 20 C.F.R. §1527(c) and had to explain its basis for according it less than controlling weight.

The Commissioner response is not particularly responsive. The Commissioner describes Plaintiff's argument as "fundamentally flawed" and asserts flatly that "the Appeals Council's denial of review is not subject to judicial review."  Memorandum in Opposition, Doc. 10, at 1.  According to the Commissioner, it is the law that when the Appeals Council denies review, the ALJ's decision becomes the Commissioner's final decision.  Because Plaintiff has neither attacked the sufficiency of the ALJ's decision nor argued for a sentence six remand, the Commissioner says that there is nothing for this Court to adjudicate.

In reply, Plaintiff agrees that he has not sought a sentence six remand.  However, he stresses that his claim is based upon the violation of regulations that apply to the Appeals Council's review of an ALJ's decision, and that this Court has the power to correct such violations by remanding the case to the Appeals Council with instructions to correct the procedural violation.

## IV.  Discussion

The Commissioner's position appears to be that this Court simply cannot review, in any fashion, the decision of the Appeals Council not to review the decision of an ALJ.  The Commissioner

-4-

relies primarily on <u>Casey v. Sec'y of Health and Human Services</u>, 987 F.2d 1230 (6th Cir. 1993), but that decision is not particularly helpful here.  <u>Casey</u> stands for the general proposition that when the Appeals Council has denied review, the Court reviews the ALJ's decision without considering any additional evidence which might have been submitted to the Appeals Council.  <u>See also Cotton v. Sullivan</u>, 2 F.3d 692 (6th Cir. 1993)(holding that the reviewing court cannot consider evidence submitted at the Appeals Council level).  Neither case involved the claim that the Appeals Council itself committed a regulatory violation.  As a result, neither case discussed or decided whether the Court can correct a regulatory violation which occurs during the process of Appeals Council review.  On the other hand, Plaintiff has not cited any authority holding that such errors are reviewable.  The Court must resolve this fundamental disagreement between the parties, and does so on the basis of the following review of the case law.

A.  <u>Is the Appeals Council's Action Reviewable?</u>

There do not appear to be any decisions from the Sixth Circuit Court of Appeals which involve this exact issue.  However, a number of other Courts of Appeals have considered it, and they have developed somewhat different approaches.

In the First Circuit, courts are permitted to review the Appeals Council's decision "where the administrative decision rests on an articulated but severely mistaken view" of the law or when the Appeals Council has committed "other egregious error." <u>Mills v. Apfel</u>, 244 F.3d 1, 5 (1st Cir. 2001).  The <u>Mills</u> court recognized that the ALJ's decision is ordinarily the decision which the courts review and agreed that the ALJ's decision must be evaluated based on the evidence presented to the ALJ (as opposed to later-presented evidence).  That is the same rule announced by <u>Casey</u> and <u>Cotton</u>.  <u>Mills</u> also agreed that the

Appeals Council's decision is the type of discretionary decision usually insulated from judicial review.  But those principles do not prevent all judicial review of the Appeals Council's acts.  Rather, Mills  concluded that "it has been well established that a discretionary decision may be reviewable to the extent that it rests on an explicit mistake of law or other egregious error.  The denial of judicial review in such an instance is very much the exception."  Id.  Consequently, the court reviewed the Appeals Council's decision in that case not to grant review on the basis of new evidence, although it ultimately affirmed that decision because the Appeals Council did not make a "serious mistake" in the way it evaluated that evidence.  Id. at 6.  It also stated, however, that "if the Appeals Council mistakenly rejected the new evidence on the ground that it was not material, we think that a court ought to be able to correct that mistake."  Id.

Proceeding in numerical order, the Fifth Circuit Court of Appeals, in Epps v. Harris, 624 F.2d 1267, 1273 (5th Cir. 1980), remanded a case based on new evidence submitted to the Appeals Council because the Appeals Council had explicitly acknowledged the submission of that evidence but "did not adequately evaluate it," a conclusion the court reached because the Appeals Council "perfunctorily adhered to the decision of the hearing examiner...."  However, as the Eleventh Circuit Court of Appeals has since made clear, Epps' analysis applies primarily to cases where the Appeals Council, after taking new evidence, affirms, rather than declines to review, the ALJ's decision.  See Parks ex rel. D.P. v. Comm'r, Social Security Administration, 783 F.3d 847, 853 (11th Cir. 2015)("Epps has little bearing on a denial of a request for review").  Parks has been applied by district courts within the Sixth Circuit.  See, e.g., Graley v. Colvin, 2015 WL 3935953, *14 (N.D. Ohio. June 26, 2015)(holding that "a

federal court's review is generally limited to the ALJ's decision, not the denial of review by the Appeals Council" and that "the Appeals Council is not required to make specific findings in its decision when it denies a request for review").

The Seventh Circuit Court of Appeals has also weighed in on this issue.  In a recent decision, Stepp v. Colvin, 795 F.3d 711 (7th Cir. 2015), that court was faced with this situation.  An ALJ had determined that the claimant could do sedentary work despite suffering from chronic pain.  The claimant submitted additional evidence to the Appeals Council which "tend[ed] to suggest that [the claimant's] condition did not improve ... to the extent the ALJ estimated."  Id. at 713.  The Appeals Council denied review, using typical language which simply said that the additional information did not "provide a basis for changing" the ALJ's decision.  Id. at 717.

In deciding the case, the Court of Appeals first cited to §404.1970(b), noting that the two criteria governing the consideration of such evidence were whether it was "new and material" and whether it related to the relevant time period. The court also construed the regulation to require the Appeals Council to evaluate the entire record, including the new and material evidence, and to grant *de novo* review of the ALJ's decision if that decision was contrary to the weight of the evidence.  Relying on past circuit precedent, the court concluded that its ability to review the Appeals Council's denial of review depended on why the Appeals Council did so.  If the Appeals Council said the evidence was not "new and material," a reviewing court could decide if that conclusion constituted legal error. If, on the other hand, the Appeals Council accepted the evidence as new and material but determined that, even taking the new evidence into account, the ALJ's decision was not contrary to the weight of the evidence, that decision was not reviewable.  In the

court's words, the key question is whether or not the Appeals
Council considered the evidence to be "non-qualifying."  <u>Id</u>. at
722.  The court found, in <u>Stepp</u>, that the Appeals Council's
"abstruse signals" in its brief boilerplate discussion were not
enough to show that the Appeals Council treated the evidence as
qualifying, so the court made a *de novo* determination that the
evidence was new and material and remanded the case for further
consideration of that evidence.

 <u>Stepp</u> seems to suggest that, in the absence of an
affirmative statement by the Appeals Council that it found the
newly-submitted evidence to be "qualifying" under §404.1970(b),
the court should presume that it did not.  This approach is
troublesome.  It imposes a duty on the Appeals Council not only
to consider any evidence submitted under §404.1970(b), but to
articulate, in its written decision, whether it found the
evidence to be qualifying or non-qualifying.  At least in this
circuit, imposing such articulation requirements is the exception
rather than the rule, and cases like <u>Wilson v. Comm'r of Social
Security</u>, 378 F.3d 541 (6th Cir. 2004) base such a requirement on
specific regulatory language of the type which does not appear in
§404.1970(b).  Consequently, this Court does not adopt that
portion of <u>Stepp</u>'s holding.  On the other hand, the Court finds
this group of appellate decisions to be generally persuasive, and
agrees that procedural errors made by the Appeals Council can, if
they are apparent from the record, sometimes be corrected by a
reviewing Court.

B. <u>The Carroll Opinion</u>

 Before deciding exactly what standard or procedure to apply
here, the Court draws a distinction between the two items of
evidence which were submitted to the Appeals Council.  Plaintiff
argues that the absence of any reference to the Carroll opinion
in the four-page Appeals Council decision means that the Appeals

Council did not consider the opinion - that is, that the Appeals Council did not find it to be qualifying evidence under §404.1970(b).  The Court does not agree.

On the same day that it issued its four-page opinion denying review, the Appeals Council issued an order which expressly made the Carroll opinion part of the record.  That action is much more consistent with a finding that the Carroll opinion was "qualifying" evidence under §404.1970(b) than with the opposite conclusion.  Further, there is no affirmative statement in the record either that the Appeals Council did not find the Carroll opinion to be qualifying - that is, new, material, and relating to the time period in question - or that it did not consider it in deciding whether to grant review of the ALJ's decision.  Under these circumstances, the Court concludes that the Appeals Council made a discretionary (and, under Stepp, non-reviewable) determination that even with the Carroll opinion as part of the record, the ALJ's decision was not contrary to the weight of the evidence.  Thus, any error predicated on that decision lacks merit.

### C.   The VA Records

The VA records stand on a different footing.  The Appeals Council's statement that those records were "about a later time" and "d[id] not affect the decision about whether you were disabled at the time you were last insured for disability benefits" seems to be a determination that these records were "non-qualifying."  If Stepp were followed here, this Court would be empowered to make a *de novo* review of the decision, which would involve determining not only if the Appeals Council was correct about whether the records dealt only with the time after December 31, 2008, but whether they were "new and material."  If that question were resolved in Plaintiff's favor, the proper remedy would be to remand the case so that the Appeals Council could factor those records into its overall review of the ALJ's

-9-

decision.  Mills suggests a somewhat different approach, with the
question being whether the Appeals Council made a "serious" or
"egregious" mistake when it declined to weigh these records when
conducting its review of the ALJ's decision.  Although Mills does
not say so expressly, the implication of that decision seems to
be that errors made at the Appeals Council level can be deemed
harmless if they are not either serious or egregious.  Stepp does
not directly address how a harmless error standard might apply to
the *de novo* review which it authorizes.

     The first question, of course, is whether the Appeals
Council made a mistake when it described the VA records as not
relating to the time period prior to December 31, 2008.  The
first page of the records says that it was "Printed on Sep 16,
2014" (Tr. 38).  However, the section which Plaintiff claims to
be significant, also found at Tr. 38, contains entries under the
heading "Neurotic Depression" which begin on November 22, 2000.
That entry has an "audit history" showing that four changes were
made, on dates ranging from February 17, 2005 to January 14,
2013.  One of the February 17, 2005 audit changes was made by Dr.
Carroll; that is the one where he changes the "immediacy" of
Plaintiff's depression from "unspecified" to "chronic."  Many of
the other entries in this exhibit also are dated prior to
December 31, 2008, although Plaintiff does not suggest that any
of those other entries relate to his psychological condition.

     The Appeals Council does seem to have been mistaken in the
way it read the evidence.  Consequently, the Court agrees with
Plaintiff that the VA records meet one of the qualifying criteria
under §404.1970(b).  To some extent, they might also be viewed as
"new" because the documents have some entries which do not appear
to be on a similar set of records presented to the ALJ but
printed out at an earlier time (although those entries are not so
much treatment notes as they are audit entries).  But, even if
the Court were to do a *de novo* review of the records to determine

their newness and materiality - the standard most favorable to
Plaintiff - it would find that they are not.

Dr. Carroll's audit note is not really new.  In the records
which were before the ALJ, the audit history of the same
treatment note also shows a February 17, 2005 entry from Dr.
Carroll, which changed the "priority" (as opposed to the
"immediacy") of the condition from "unspecified" to "chronic."
(Tr. 432).  Further, this change is not material.  If the
definition of "material" from sentence six remand cases is used,
evidence is material only if there is a reasonable probability
that it would have changed the result of the proceedings.  See
Sizemore v. Sec'y of HHS, 865 F.2d 709, 711 (6th Cir. 1988).
Given the fact that the ALJ already had the equivalent of this
evidence before him, that is not likely.  Of course, if the Court
applied the Mills test, it is even less likely that the Appeals
Council's error would qualify as either serious or egregious, so
under any standard of review, Plaintiff's argument fails.

It is perhaps helpful to observe that, if one focuses on the
tendency of this evidence to have swayed the Appeals Council's
decision not to grant review of the ALJ's decision, given the
fact that the Appeals Council did not grant review even after
considering a much more direct and probative piece of evidence -
the Carroll opinion - it is not likely that had the Appeals
Council also found the VA records to be "qualifying" records, it
would have come to a different conclusion.  That is essentially a
harmless error analysis.  Although the Commissioner has not
argued that any error here was harmless because she has taken the
position that any error here is not reviewable, the Court is
fairly well satisfied that the error in question had no
meaningful impact on the outcome of the administrative
proceedings.  Put another way, remanding this case to the Appeals
Council with instructions to take the VA records, to the extent
that they speak to Plaintiff's condition prior to December 31,

2008, into account in deciding whether to grant review of the ALJ's decision would be an exercise in futility.  That being so, the Court concludes that Plaintiff is not, based on the errors he has brought to the Court's attention, entitled to any relief.

## V.   Recommended Decision

Based on the above discussion, it is recommended that the Plaintiff's statement of errors be overruled and that judgment be entered in favor of the Defendant Commissioner of Social Security.

## VI.   Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions  of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

                                    /s/ Terence P. Kemp
                                    United States Magistrate Judge